## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **DARCEE THOMPSON**, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 19-cv-150 |
| vs. | ) ) | |
| **PROGRESSIVE UNIVERSAL INSURANCE COMPANY**, a Wisconsin corporation, | ) ) ) | Jury Trial Demand |
| Defendant. | ) ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Darcee Thompson ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class Action Complaint against Progressive Universal Insurance Company ("Progressive" or "Defendant"), and alleges:

## NATURE OF THE ACTION

1.      This is a class action lawsuit by Plaintiff, the named insured under a Progressive automobile policy issued for private passenger auto physical damage coverage (the "Insurance Policy"),[1] including collision or physical damage other than collision, that required payment of "Actual Cash Value" or "ACV" in the case of a total loss of the insured vehicle. Plaintiff brings claims for breach of contract and declaratory relief.

2.      Defendant is a large private insurance company that, based upon Plaintiff's information and belief, collects hundreds of millions of dollars in private-passenger physical damage coverage premiums every year from its insureds. Among other coverages, Defendant

---

[1] Plaintiff's Insurance Policy is attached hereto as Exhibit A.

offers collision or physical damage other than collision coverage. Upon information and belief, Defendant systematically underpaid Plaintiff and tens of thousands of other putative class members in amounts Defendant owed its insureds for ACV losses for total loss vehicles insured with physical damage coverage, including collision or physical damage other than collision coverage.

3.      This lawsuit is brought by Plaintiff individually and on behalf of all other similarly situated insureds who suffered damages due to Defendant's practice of failing to pay full ACV payments or full total loss payment to first-party total loss insureds on physical damage coverage, including collision or physical damage other than collision coverage. Specifically, as a matter of policy, Defendant fails to include sales tax and/or vehicle title transfer and vehicle registration fees ("Vehicle Title and Registration Fees") in its calculation of ACV when paying full total loss payment to its insureds.

4.      Defendant's failures to pay full total loss payment to first-party total losses owed to its insureds and to condition payment of sales tax and Vehicle Title and Registration Fees on actions not required by the policy itself are breaches of the Insurance Policy and clear breaches of contract.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because at least one member of the putative class is a citizen of a different state than Defendant, there are more than 100 members of the putative class, and, upon information and belief, the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendant because it is incorporated in Wisconsin, is licensed to do business in Wisconsin, and engages in continuous and systematic

business contacts in Wisconsin. Additionally, Plaintiff's claims arise out of Defendant's activities in Wisconsin.

7.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (2) as this is the District in which Defendant resides and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

8.    At all times material hereto, Plaintiff has been a Wisconsin resident.

9.    At all times material hereto, Defendant is a Wisconsin corporation licensed to do business in the State of Wisconsin.

## FACTUAL ALLEGATIONS

10.    The Insurance Policy includes Defendant's standardized language as to physical damage coverage, including collision or physical damage other than collision coverage, for ACV of total loss vehicles.

11.    Under the policy and applicable state law, a total loss ACV includes an obligation to pay sales tax and Vehicle Title and Registration Fees for total loss vehicle collision or physical damage other than collision coverage (full total loss payment).

12.    As demonstrated by Plaintiff's experience, Defendant does not pay sales tax or Vehicle Title and Registration Fees when determining and paying the ACV to its insureds, contrary to its obligations under the Insurance Policy to pay its insureds the full amount of the total loss of an insured's vehicle.

13.    Plaintiff owned a 2015 Kia Optima LX 4 Door Sedan (VIN 5XXGM4A78FG504096) (the "Insured Vehicle"), which was insured under the Insurance Policy with Defendant.

14.     Under the Insurance Policy, Defendant committed to pay Plaintiff the lesser of "the actual cash value" of the stolen or damaged property or the "amount necessary to replace the stolen or damaged property."  *See* Exhibit A at 19.

15.     States in which Defendant operates require that cars be properly titled and registered and that cars have proper license plates (or tags).  Thus, the ACV of damaged or stolen vehicles includes Vehicle Title and Registration Fees.

16.     ACV is not defined in the Insurance Policy.

17.     The Insurance Policy's language applies to all covered autos irrespective of ownership interests—whether owned, financed, or leased.

18.     In turn, the Insurance Policy does not exclude:  (1) applicable sales tax for the damage or stolen property; (2) Vehicle Title and Registration Fees from ACV; or (3) any provision deferring or conditioning payment of vehicle title and registration fees for any purpose whatsoever.

19.     On or about June 16, 2015, Plaintiff was involved in an accident while operating the Insured Vehicle. As a result of the accident, Plaintiff filed a claim for property damage with Defendant, Claim Number 18-5673560-01 (the "Claim").

20.     Following the filing of Plaintiff's Claim, Defendant determined that the Insured Vehicle was a total loss with a base value of $11,938.10.

21.     The base value was calculated by an independent vehicle valuation company Mitchell WorkCenter Total Loss ("Mitchell"), which bases vehicles valuations on the cost to purchase similar vehicles with similar conditions and mileage.

22.     Mitchell created a Vehicle Valuation Report (the "Valuation Report") which did not include an amount for sales tax or Vehicle Title and Registration Fees.  *See* Exhibit B.

23.     Defendant then subtracted the deductible of $500.00 from the Valuation Report's

base value, including market adjustments, for a net total payment to Plaintiff in the amount of $11,795.51, which did not include any amount for applicable sales tax or Vehicle Title and Registration Fees.

24.     There is no relevant language in the Insurance Policy to condition any payment of sales tax or Vehicle Title and Registration Fees after Defendant determines there to be a total loss on proof that a new vehicle was purchased. Nor is there a provision permitting Defendant to pay sales tax on an amount that is less than the ACV, if the replacement vehicle purchased is less than the ACV.

25.     Defendant breached its Insurance Policy with Plaintiff by failing to pay any amount for sales tax and Vehicle Registration Fees when it paid Plaintiff the ACV associated with the total loss of the Insured Vehicle.

26.     By not including amounts for sales tax and Vehicle Registration Fees in its calculation of ACV paid to insureds, Defendant limits the amount it is required to pay Plaintiff and its insureds.

27.     Plaintiff and all members of the putative class satisfied all conditions precedent, or such conditions precedent were waived or excused.

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of itself and a class of all others similarly situated.  This action is brought and is properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3).

29.     Plaintiff seeks to represent a putative class (the "Class") defined as follows:

All individuals and entities insured by Progressive with insurance that covers a vehicle with private-passenger physical damage coverage, including collision or physical damage other than collision coverage, who made a first party claim that was adjusted by Progressive as a total loss and who received an actual cash value

5

payment from Progressive that did not include an amount for sales tax and/or Vehicle Title and Registration Fees.

30.     Excluded from the Class are Defendant and its subsidiaries and affiliates; its officers, directors, and members of their immediate families; any entity in which Defendant has a controlling interest; the legal representatives, heirs, successors, or assigns of any such excluded party; and any judicial officer to whom this action is assigned and the members of his or her immediate families.

31.     Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add subclasses if necessary before this Court determines whether certification is appropriate.

**A.     Numerosity**

32.     Although the precise number of members of the Class are unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is a large, national insurer and writes hundreds of millions of dollars of private-passenger physical damage coverage policies, the Class affected by Defendant's unlawful practice consists of tens of thousands of insureds or the Class is otherwise so numerous that joinder of all Class members is impractical.

**B.     Commonality**

33.     Defendant's conduct towards the Class raises common questions of law and fact. These common questions include, but are not limited to, the following:  (a) whether, under the Defendant's standardized policy language, Plaintiff and the Class members are owed sales tax and Vehicle Title and Registration Fees as a part of the ACV payment upon the total loss of an insured vehicle; and (b) whether the Defendant breached its respective insurance contracts with Plaintiff and the Class members by failing to pay sales tax and Vehicle Title and Registration Fees as a part

of its ACV payments upon the total loss of an insured vehicle.

**C.     Typicality**

34.     Plaintiff's claims are typical of the claims of all other members of the Class because all such claims arise from the Defendant's failure to pay sales tax and Vehicle Title and Registration Fees on total loss claims of insured vehicles. The material facts underlying the claims of each putative class member are the same material facts as those supporting the Plaintiff's claim alleged herein and require proof of the same material facts.

**D.     Adequacy**

35.     Plaintiff can and will adequately represent the putative class and its interests are common to, and coincident with, those of all absent class members. By proving her individual claims, Plaintiff will necessarily prove the claims of the Class and prove Defendant's liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; her interests and claims are not antagonistic to those of any other Class members; nor are its claims subject to any unique defenses.

36.     Plaintiff's counsel—Kopelowitz Ostrow Ferguson Weiselberg Gilbert; Edelsberg Law P.A.; Shamis & Gentile, P.A.; and Kotchen & Low LLP—have extensive experience in complex commercial litigation, class actions, and have adequate financial resources to ensure that the interests of the Class will not be harmed.

**E.     Predominance and Superiority**

37.     Defendant's conduct was uniform with respect to all prospective Class members. Accordingly, common questions of law and fact predominate over individual questions.

38.     In addition, class treatment is a superior form of adjudication than the prosecution of individual claims and provides a substantial benefit to the court and litigants by avoiding a

multiplicity of suits, and the risk of inconsistent results.

39.     Because the Class encompasses tens of thousands of claims, a single, national class action is plainly more efficient than many thousands of individual law suits, each requiring the same discovery and proofs. Given the relatively small amount of the claim(s) of each putative Class member, it is likely that absent class representation, such claims would not be brought, and the Class would never have appropriate redress for Defendant's improper conduct. A class action is superior and more efficient to other available methods for the fair and efficient adjudication of this controversy.

40.     Class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide optimum relief to Class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

41.     The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keeps records of insurance policies and claims of prospective Class members during the class period, including records of total loss vehicles. Therefore, both the membership of the Class and the amount of individual damages is readily ascertainable from Defendant's records.

**F.      Declaratory Relief Under Federal Rule of Civil Procedure 23(b)(2)**

42.     Pursuant to Federal Rule of Civil Procedure 23(b)(2), class treatment is warranted because Defendant has acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final declaratory relief concerning the Class as a whole appropriate.

43.     Because declaratory relief is sought, class treatment ensures uniformity and

consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide optimum relief to class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

44.     Because Defendant has acted consistently towards all members of the Class, declaratory relief is appropriate with respect to both the Class and Plaintiff's claims and is likewise subject to common proof and adjudication.

<div align="center">

**COUNT I**
**CLAIM FOR BREACH OF CONTRACT**

</div>

45.     The allegations contained in the foregoing paragraphs are incorporated by reference.

46.     This count is brought by Plaintiff on behalf of herself and the Class.

47.     Plaintiff was party to a contract, the Insurance Policy, with Defendant as described herein.  *See* Exhibit A.  All Class members were parties to similar automobile insurance policies with Defendant that contained materially identical terms to Plaintiff's Insurance Policy.

48.     Plaintiff and members of the putative Class made claims that Defendant determined to be a covered claims and first party total losses under the their respective insurance policies.

49.     Defendant, in paying the total loss claim, determined that Plaintiff and each Class member complied with the terms of their respective insurance contracts and thus had fulfilled all duties and conditions under the such contracts necessary to be paid for the total loss class of an insured vehicle.

50.     Pursuant to Defendant's Insurance Policy, upon the total loss of Plaintiff's and the Class's insured vehicles, the Plaintiff and every Class member were owed the full ACV, including the unconditional payment of sales tax and Vehicle Title and Registration Fees. Defendant failed

to include sales tax and Vehicle Title and Registration Fees in its payments to Plaintiff and the Class, and thus failed to pay the vehicle's ACV.

51.     Defendant's failure to provide the promised coverage constitutes a material breach of contract.

52.     As a result, Plaintiff and the Class members are entitled to the full ACV payment, including sales tax and Vehicle Title and Registration Fees, as well as prejudgment and post-judgment interest and other relief as is appropriate.

## COUNT II
## DECLARATORY RELIEF

53.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

54.     This count seeks declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

55.     This count is brought by Plaintiff on behalf of herself and all members of the Class.

56.     Plaintiff was party to a contract, the Insurance Policy, with Defendant as described herein.  *See* Exhibit A.  All Class members were parties to similar automobile insurance policies with  Defendant that contained materially identical terms to Plaintiff's Insurance Policy.

57.     Plaintiff seeks a declaratory judgment that an insured is unconditionally entitled to sales tax and Vehicle Title and Registration Fees in a full total loss payment to pay a vehicle's ACV under the insurance policies that govern Plaintiff's and the Class members' contractual relationships with Defendant.

58.     Plaintiff contends Defendant is unconditionally required to pay sales tax and Vehicle Title and Registration Fees in a full total loss payment to pay a vehicle's ACV under the insurance policies that govern Plaintiff and the Class members' relationship with Defendant.

59.     Defendant disagrees with Plaintiff's interpretation of the Insurance Policy.

60.     Because of Defendant's claim to the contrary, Plaintiff and the Class are in doubt as to their rights under the Insurance Policy.

61.     The above allegations present ascertained or ascertainable facts of a present controversy between Plaintiff and Defendant as to unconditional entitlement to the sales tax and Vehicle Title and Registration Fees.

62.     The above allegations reflect that Plaintiff has presented a justiciable question as to the existence of her right to the sales tax and Vehicle Title and Registration Fees.

63.     All antagonistic and adverse interests, namely Plaintiff, Defendant, and the Class when certified, are before this Court by the filing of this count.

64.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the Class are entitled to a declaration of its right to the sales tax and Vehicle Title and Registration Fees to resolve its doubt about its rights under the Insurance Policy considering the Defendant's position otherwise.

65.     Upon the Court granting Plaintiff the declaratory relief requested herein, Plaintiff will seek supplemental relief pursuant to 28 U.S.C. § 2202  in the form of an order directing that the sales tax and Vehicle Title and Registration Fees be paid to Plaintiff and the Class, an award of attorney's fees incurred in establishing coverage under the Insurance Policy, and pre-judgment interest and post-judgment interest, as the sales tax and Vehicle Title and Registration Fees represents liquidated amounts.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, demands relief and judgment as follows:

1.     For an Order certifying this action as a Class Action on behalf of the Class described above;

2.      For an award of compensatory damages for the Class in amounts owed by Defendant;

3.      For declaratory relief to be entered for Plaintiff and the Class that its interpretation of the Insurance Policy is correct, thereby requiring Defendant to unconditionally pay sales tax and Vehicle Title and Registration Fees;

4.      For all other damages according to proof;

5.      For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

6.      For costs of suit incurred herein;

7.      For pre- and post-judgment interests on any amounts awarded; and

8.      For other and further forms of relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:   March 5, 2019.                                  Respectfully submitted,

<p style="margin-left: 50%;">/s/Daniel Kotchen</p>

Daniel Kotchen
**KOTCHEN & LOW LLP**
1745 Kalorama Rd., N.W., Suite 101
Washington, D.C.  20009
(202) 468-4014

**KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT**
Jeff Ostrow *(pro hac vice to be filed)*
ostrow@kolawyers.com
Jonathan Streisfeld *(pro hac vice to be filed)*
streisfeld@kolawyers.com
One West Las Olas, Suite 500
Fort Lauderdale, FL 33301
Telephone:  (954) 525-4100
Facsimile:  (954) 525-4300

**EDELSBERG LAW, PA**
Scott Edelsberg *(pro hac vice to be filed)*
scott@edelsberglaw.com
Jordan D. Utanski *(pro hac vice to be filed)*
utanski@edelsberglaw.com
19495 Biscayne Blvd. #607
Aventura, FL 33180
Telephone:  (305) 975-3320

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis *(pro hac vice to be filed)*
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Telephone:  (305) 479-2299
Facsimile:  (786) 623-0915