UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Darcee Thompson, individually and
on behalf of all others similarly situated,
        Plaintiff,

v.                                                Case No. 19-cv-150

Progressive Universal Insurance Company, a
Wisconsin corporation,

        Defendant.

# BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY, OR, IN THE ALTERNATIVE, TO BIFURCATE DISCOVERY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Progressive Universal Insurance Company ("Progressive") moves this Court to stay discovery and other proceedings in this case pending this Court's ruling on its Motion to Dismiss or, in the Alternative, Motion to Stay and Compel Appraisal ("Motion to Dismiss"). In the alternative, Progressive moves to bifurcate discovery so that it focuses, as an initial matter, on Plaintiff's individual claim alone.

In support of its Motion, Progressive states:

1.      Under Rule 26(c), this Court has broad authority to limit the scope of discovery or to control its sequencing for "good cause." Fed. R. Civ. P. 26(c); *Oneida Nation v. Vill. of Hobart, Wisconsin*, No. 16-C-1217, 2017 WL 3025932, at *2 (E.D. Wis. Apr. 19, 2017). This "broad discretion and inherent power" can be exercised "to stay discovery until preliminary questions that may dispose of the case are determined." *Orlando Residence, Ltd. v. GP Credit Co., LLC,* No. 04-C-439, 2006 WL 2849866, at *7 (E.D. Wis. Sept. 29, 2006) (citing *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir.2003)). Indeed, "[a] stay of discovery is often appropriate when a pending dispositive motion can resolve the case and the requested discovery is unlikely to produce

facts necessary to defeat the motion." *Oneida Nation*, 2017 WL 3025932, at *2 (internal citations and quotation marks omitted); *Orlando Residence, Ltd.*, 2006 WL 2849866, at *7 ("Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'") (citing *Gettings*, 349 F.3d at 304; *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir.1995); *Builders Assoc. v. Chicago*, 170 F.R.D. 425, 437 (N.D. Ill.1996) (collecting cases)).

2.   Plaintiff's putative nation-wide Class Action Complaint ("Complaint") alleges that Progressive unlawfully failed to pay Plaintiff and class members—insureds under Progressive automobile policies—sales tax and vehicle title and registration fees as part of total loss settlements when it purportedly omitted these elements from its actual cash value ("ACV") determinations of totaled vehicles. Compl. ¶ 3.

3.   Plaintiff specifically claims that (1) she was involved in an automobile accident while driving an insured vehicle, (2) after the accident, she filed a claim for property damage with Progressive, (3) Progressive calculated the ACV of Plaintiff's vehicle, less her applicable deductible, to be $11,795.51, but did not include sales tax or vehicle registration fees in its ACV calculation, and (4) Progressive paid Plaintiff this amount for her loss. Compl. ¶¶ 19-23.

4.   Progressive has filed a Motion to Dismiss (ECF No. 13), based upon Plaintiff's failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) or, in the alternative, to stay the litigation pending the outcome of Progressive's demand for appraisal. *See* Brief in Support of Defendant's Motion to Dismiss, ECF No. 14 at 1-2, 5-11. This motion turns on straightforward questions of law; namely, whether Plaintiff can properly maintain causes of action for breach of contract and declaratory relief based on her allegation that Progressive, in adjusting her total loss claim, "failed to include sales tax and [v]ehicle [t]itle and [r]egistration [f]ees in its payments to Plaintiff" (Compl. ¶ 50) when (1) Wisconsin has no statute or regulation requiring the payment of sales tax and fees to insureds when

settling a total loss vehicle claim, and (2) Progressive's policy language establishes that insureds are not entitled to sales tax and fees as part of a total loss actual cash value settlement. *See id.* at 5-7.

5. Plaintiff's claims fail under Fed. R. Civ. P. 12(b)(6) because her claim that she is entitled to sales tax and vehicle fees as part of her actual cash value statement is contradicted by the express terms of her policy and otherwise unsupported by Wisconsin law. *See id.* at 5-7, 10. Progressive has already paid Plaintiff what she is owed. *See* Order Granting Defendant's Rule 12(b)(6) Motion to Dismiss, *Singleton et al. v. Elephant Ins. Co.*, Case No. 6:19-CV-00200-ADA, at 5 (W.D. TX May 10, 2019) (**Exhibit A**)(dismissing nearly identical claims and finding that ACV did not include sales tax or registration fees); *Geico. Sigler v. Geico Cas. Co.*, 2019 U.S. Dist. LEXIS 82431, *10, 2019 WL 2130137 (C.D. Ill. May 15, 2019) (dismissing nearly identical claim on analogous facts based on finding that the plaintiff had failed to state a claim for breach of contract because the policy at issue did not promise to pay particular costs, including taxes and registration fees, before these costs were incurred).

6. Alternatively, in its Motion to Dismiss, Progressive has moved the Court to compel Plaintiff to participate in the appraisal process required by her insurance policy, and stay this action pending the result of that process. *Id.* at 7-10. Progressive has invoked mandatory appraisal to decide the amount of Plaintiff's loss. *Id.*; *see also* Wis. Stat. § 631.85 (expressly authorizing appraisal provisions in insurance policies.). Because this appraisal process will result in payment of the actual cash value of Plaintiff's loss—assuming that has not already been done—Plaintiff will be fully compensated and her claims will become moot. Brief in Support of Defendant's Motion to Dismiss at 7-10. If appraisal reveals that Plaintiff has already been paid the amount of her loss even including any amounts she claims for taxes and fees, or more, then Plaintiff will have no injury and, thus, no standing to sue. *Id.*

7. Progressive seeks a stay of discovery because (1) Plaintiff's claim that she is entitled to sales tax and vehicle fees as part of her actual cash value is contradicted by the express terms of her policy therefore she has failed to state a claim under Fed. R. Civ. P. 12(b)(6); (2) no discovery is needed

to allow the Court to decide this dispositive issue; (3) Progressive's Motion to Dismiss, if the primary relief sought is granted, would dispose of the entire case; (4) even if Progressive's alternative prayer for relief to compel appraisal and stay this litigation were granted, the litigation would be prevented from proceeding and the outcome of the appraisal could dispose of the entire case by revealing that Plaintiff has no standing to sue; and (5) staying discovery in these circumstances will save the parties and the Court significant time and resources that discovery and class motion practice would require. *See Oneida Nation*, 2017 WL 3025932, at *2 ("A court retains considerable discretion to limit the scope of discovery so as to secure a 'just, speedy, and inexpensive determination.'") (quoting Fed. R. Civ. P. 1); *Orlando Residence, Ltd.*, 2006 WL 2849866, at *7 ("A court may also stay discovery while addressing a motion to dismiss for failure to state a claim.").

As set forth in the Motion filed with this Brief, and in the parties' Joint Pretrial Report, Progressive has conferred in good faith with Plaintiff's counsel in an effort to reach an agreement or stipulation to present to the court that would avoid this motion. No such agreement could be reached.

WHEREFORE, Progressive respectfully requests that this Court stay discovery and other proceedings in this case pending a ruling on Progressive's Motion to Dismiss Plaintiff's Complaint or, in the alternative, limit discovery in the first round to the merits of Plaintiff's individual claim only.

Dated this 4th day of June, 2019.

        Respectfully submitted,

        BakerHostetler

        *s/ Rodger Eckelberry*
        Rodger Eckelberry
        200 Civic Center Drive | Suite 1200
        Columbus, OH 43215-4138
        (614) 462-5189
        REckelberry@bakerlaw.com

        *s/ Casie D. Collignon*
        Casie D. Collignon
        ccollignon@bakerlaw.com
        Justin T. Winquist
        jwinquist@bakerlaw.com
        Sammantha J. Tillotson
        stillotson@bakerlaw.com
        1801 California Street
        Suite 4400
        Denver, CO 80202-2662
        (303) 861-0600

        Quarles & Brady LLP

        *s/ Gregory T. Everts*
        Gregory T. Everts (WI SBN: 1001636)
        33 East Main Street, Suite 900
        Madison, WI 53703
        (608) 251-5000
        gregory.everts@quarles.com

        *Attorneys for Defendant*
        *Progressive Universal Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY, OR, IN THE ALTERNATIVE, TO BIFURCATE DISCOVERY** was served via the Court's ECF system on all counsel of record on this 4th day of June, 2019.

                                           */s/ Casie D. Collignon*

4813-3392-6547.1
4822-1153-8837.2