## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DARCEE THOMPSON,** individually and on behalf of all others similarly situated,    ) ) ) | |
|     **Plaintiff,**    ) ) | |
| **vs.**    ) ) | Civil Action No. 19-cv-150 |
| **PROGRESSIVE UNIVERSAL INSURANCE COMPANY,** a Wisconsin corporation,    ) ) ) | |
|     Defendant.    ) ) | |

### RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

### I.     INTRODUCTION

This is a putative class action alleging that Progressive Universal Insurance Company ("Progressive"), systematically underpays its insureds on auto insurance claims where the vehicle is declared a total loss by excluding sales tax and vehicle title and registration fees from the payment it makes when it declares the vehicle a total loss and pay the actual cash value ("ACV"). Progressive moved to dismiss on the grounds that sales tax and state vehicle title and registration fees mandated fees are not part of ACV definition in Plaintiff Darcee Thompson's Progressive policy. This Court agreed, finding that ACV is unambiguously defined as "the market value, age, and condition of the vehicle at the time the loss occurred," which excludes sales tax and vehicle title and registration fees and entered an Order and Opinion Granting the Motion to Dismiss (DE #41) ("Dismissal Order"), and subsequent Final Judgment. (DE#42).

Plaintiff respectfully submits that this Court should grant reconsideration under Fed. R. Civ. P. 59(e) because in granting dismissal, this Court did not construe the Complaint in the light most favorable to the plaintiff and considered evidence outside the four corners of the Complaint that were not subject to judicial notice and without following the procedure set forth in Fed. R. Civ. P. 12(d).

## II.   ARGUMENT

### A.  *Legal Standard*

A party may file a motion pursuant to Rule 59(e) to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "To prevail on a motion for reconsideration under [Rule 59(e)], the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Schilling v. PGA Inc.*, No. 16-cv-202-wmc, 2019 U.S. Dist. LEXIS 29248, at *2 (W.D. Wis. Feb. 25, 2019) (Conley, J.) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Applying the incorrect standard constitutes "clear error" that would warrant reconsideration under Rule 59(e). *King v. Astrue*, No. CV-08-179-CI, 2009 U.S. Dist. LEXIS 83541, at *11 (E.D. Wash. Aug. 25, 2009); *accord Schroeter v. Shalala*, N.D.Ill. No. 90 C 3756, 1994 U.S. Dist. LEXIS 14326 (Oct. 6, 1994) (district court altered its judgment based on a Rule 59(e) motion demonstrating that the Court applied an incorrect standard of law in its determination).

### B.  *The Four Corners of the Complaint Plausibly Pled a Breach of Contract Claim*

Plaintiff respectfully submits that the Court should reconsider the Dismissal Order because it inadvertently applies the wrong legal standard. This is so because the Court relied upon matters outside the four corners of the Complaint, not subject to judicial notice, to confirm its finding that ACV is unambiguously defined in the insurance policy at issue. This was done without giving Plaintiff notice and opportunity to present contradictory evidence if the Court intended to convert the Motion to Dismiss in to a Motion for Summary Judgment under Fed. R. Civ. P. 12(d). When the improper outside evidence is stripped from the decision, the only Wisconsin case that the opinion relies upon is completely distinguishable because it is a tax case. Given the Court's apparent finding that extrinsic evidence is necessary to support the definition of ACV, Plaintiff respectfully submits that reconsideration is appropriate, and the Parties should be permitted to take discovery to prove what ACV means in the auto insurance marketplace.

As recognized by this Court, in considering a motion to dismiss for failure to state a claim, the court must accept as true the well-pleaded factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff. Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009). Dismissal is warranted only if no recourse could be granted under any set of facts consistent with the allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). "It is not permissible to consider facts outside the four corners of the complaint." *Loeb Indus. v. Sumitomo Corp.(In re Copper Antitrust Litig.)*, 196 F.R.D. 348, 360 (W.D. Wis. 2000).

Here, the Court considered case law submitted by both Parties, distinguishing the majority of Plaintiff's cases either because the policies at issue did not define ACV at all or defined it as some variation of replacement cost less depreciation. Dismissal Order at 4-8. The Dismissal Order then found that "the term 'market value' is unambiguous" given "that the automobile market is not an unusual or limited market requiring a unique approach. . . " citing "the large number of comparable sales in that market . . . ." Dismissal Order at 8. However, in reaching this Conclusion, the Dismissal Order relied upon the example of the "Edmunds True Market Value (TMV) pricing system" to show that market value does not include rebates, tax, license and registration fees, and dealer title or documentation fees. *Id.* at 8, n. 5.

Consideration of this evidence to show what "market value" includes might be permissible if it was subject to judicial notice. However, it is not. Federal Rule of Evidence 201(c) provides that this Court may take judicial notice on its own, or "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Among the matters about which judicial notice may be taken are facts "not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction . . . or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Federal courts can "take judicial notice of information taken from an official government website." *See Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein (In re Holstein)*, 299 B.R. 211, 233, note 26 (Bankr. N.D. Ill. 2003) (taking judicial notice of an attorney's bar admission found on an Illinois government website); *see also Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (lower court abused its discretion when it failed to take judicial notice of information from the National Personnel Records Center site); *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994)(internal quotations omitted)(taking judicial notice of information from the FDIC because the FDIC, "is a source whose accuracy cannot be reasonably questioned").

However, this reasoning does not apply to public domain websites the same way it applies to government websites. *See W. States Envelope Co. v. Midwest Envelopes I, Inc.*, No. 12-CV-561, 2013 U.S. Dist. LEXIS 145326, at *15-16 (E.D. Wis. Oct. 8, 2013) ("[B]ecause the Internet contains 'an unlimited supply of information with varying degrees of reliability, permanence, and accessibility, it is especially important for parties to have the opportunity to be heard prior to the taking of judicial notice of websites'" (quoting *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 648 (7th Cir. 2011))). While Edmunds is certainly a significant company in the automotive resale industry, the website does not purport to show that their system for calculation of TMV has any relationship to the proper legal standard for calculation of "market value."

Moreover, because the website is outside the four corners of the Complaint, this Court would need to convert the Motion to Dismiss into a Motion for Summary judgment as permitted by Fed. R. Civ. P. 12(d). However, in order to do so, the Court was required to give Plaintiff "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Covington v. Ill. Sec. Serv.*, 269 F.3d 863, 864-65 (7th Cir. 2001) (citing Fed. R. Civ. P. 12(b)).

Without this improperly considered evidence, the Dismissal Order is left with two cases it relied upon. First, *Singleton v. Elephant Insurance Company*, CIVIL No. 6:19-CV-00200-ADA, slip op. at

\*1-\*2 (W.D. Tex. May 10, 2019), may appear to be on point, but makes clear that Texas state law is what guided its decision. In an attempt to bridge the gap in differing states' laws, the Dismissal Order explains:

> As in Texas, "market value" is a well-defined term under Wisconsin law, and is determined using a "three-tier assessment methodology," with the "best evidence" being "an arms-length sale of the subject property" or "reasonably comparable properties." *Adams Outdoor Advertising Ltd. v. City of Madison*, 2006 WI 104, ¶ 34, 294 Wis. 2d 441, 717 N.W.2d 803.

Dismissal Order at 9. However, just as the Court distinguished some cases cited by Plaintiff because they define ACV outside of the insurance context, *Adams Outdoor Advertising* cannot be relied upon because it involves a challenge to the valuation of billboards for the purpose of personal property tax assessment. Logically, a court would not use a methodology that would include taxes as part of the value of the property when the purpose of the assessment is to determine the rate at which they should be taxed. As such, *Adams Outdoor Advertising* is of no value to the decision here.

At best, the various cases cited show that construing the policy in favor of the insured, there is an ambiguity as to what ACV encompasses in this policy. *Coppins v. Allstate Indem. Co.*, 2014 WI App 125, ¶24, 359 Wis. 2d 179, 857 N.W.2d 896. Thus, this Court should grant reconsideration and permit discovery into what ACV means under this policy and in the State of Wisconsin. Then, it will be proper to consider extrinsic evidence and this Court can make a determination on a full record.

## III.   CONCLUSION

For the foregoing reasons, this Court should grant reconsideration under Rule 59(e), deny the Motion to Dismiss on reconsideration, order Progressive to file an Answer, and allow this case to proceed on the merits and through discovery.

DATED this 12th day of December 2019.

Respectfully submitted by,

*/s/ Joshua R. Levine*
Joshua R. Levine, Esq.
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
Jeff Ostrow, Esq.
ostrow@kolawyers.com
Joshua R. Levine, Esq.
levine@kolawyers.com
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

**EDELSBERG LAW, PA**
Scott Edelsberg
scott@edelsberglaw.com
19495 Biscayne Blvd. #607
Aventura, FL 33180
(305) 975-3320

**KOTCHEN & LOW LLP**
Daniel Kotchen
dkotchen@kotchen.com
1745 Kalorama Rd., N.W., Suite 101
Washington, D.C. 20009
(202) 468-4014

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
(305) 479-2299

***Counsel for Plaintiff Darcee Thompson***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 12, 2019, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will cause a true and correct copy to be served via e-

mail on all ECF-registered counsel of record.

*/s/ Joshua R. Levine*
Joshua R. Levine, Esq.