UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

DARCEE THOMPSON, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.                                             Case No. 19-cv-150

PROGRESSIVE UNIVERSAL INSURANCE
COMPANY, a Wisconsin corporation,

        Defendant.

DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

        Defendant respectfully submits this Notice of Supplemental Authority, hereby notifying this Court of the following: Order, *Pieczonka v. Progressive Select Insurance Co.*, Case No. 19-CV-2965 (N.D. Ohio Apr. 21, 2020), attached as **Exhibit A** ("*Pieczonka* Order"). The *Pieczonka* Order is relevant to Plaintiff's currently-pending Motion to Alter or Amend Judgment because the *Pieczonka* court dismissed a putative class action brought on the same legal theory put forward in this case based on an identical policy definition of ACV. *See* Ex. A at 1; Def.'s Mot. to Dismiss, or, in the Alternative, to Compel Appraisal [ECF No. 14] at 2-3, 5-6.

        In *Pieczonka*, as here, the plaintiff brought a putative class action alleging that his insurance company had breached his insurance contract when it did not include the "costs associated with replacing the title, registration, or license plates" in his settlement for the total loss of his covered vehicle. Ex. A at 1. The defendant moved to dismiss because the defendant had "provided the policy's required compensation" pursuant to the policy's liability limitation provision and its definition of actual cash value ("ACV"), which, identical to the policy here, was "determined by the market value, age, and condition of the vehicle at the time the loss occurs." *Id.* at 2.

The *Pieczonka* court dismissed the plaintiff's claims, reasoning that the plaintiff had "not alleged sufficient facts to show that [the defendant insurer] breached its insurance policy" because the policy at issue contained a "clear" set of factors to be considered in determining ACV – "the vehicle's 'market value, age, and condition . . . at the time the loss occurs'"—and expressly differentiated ACV from replacement cost. *Id.* at 4. Thus, the court refused to "read additional terms"—such as title, registration, license plate fees or any contrary Florida common law definition of ACV—into the policy. *Id.*

Dated this 23rd day of April, 2020.                    Respectfully submitted,

                                                   BAKER & HOSTETLER LLP

*s/ Casie D. Collignon*
Casie D. Collignon
ccollignon@bakerlaw.com
Justin T. Winquist
jwinquist@bakerlaw.com
Sammantha J. Tillotson
stillotson@bakerlaw.com
1801 California Street, Suite 4400
Denver, CO  80202-2662
(303) 861-0600

Rodger L. Eckelberry
Reckelberry@bakerlaw.com
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
(614) 462-5189

Gregory T. Everts (WI SBN: 1001636)
gregory.everts@quarles.com
Quarles & Brady LLP
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

*Attorneys for Defendant Progressive Universal Insurance Company*

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY was served via the Court's ECF system on all counsel of record on this 23rd day of April, 2020.

/s/ Casie D. Collignon